UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHRISTOPHER LEE BOEK,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>COMMISSINER OF SOCIAL  )<br>SECRURITY,  )<br>)<br>Defendant.  )<br>)<br>_____) | Case No. 1:24-CV-00348-EPG<br><br>STIPULATION AND PROPOSED ORDER FOR AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. §§ 1920 AND 2412(d).<br><br>(ECF No. 24) |

  IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of EIGHT THOUSAND dollars and ZERO cents ($8,000.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of FOUR HUNDRED AND FIVE dollars and ZERO cents ($405.00) under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

  After the Court issues an order for payment of EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  The government's ability to honor the assignment will depend on whether the fees and expenses are subject to an offset allowed under the United States Department of the

Treasury's Offset Program pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010). After the order of EAJA fees and expenses is entered, the government will determine if they are subject to an offset.

If it is determined that Plaintiff's EAJA fees and expenses are not subject to an offset under <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010) and the Department of Treasury's Offset Program, then the check for EAJA fees and expenses shall be made payable to Jacqueline A. Forslund, based upon Plaintiff's assignment of these amounts to Plaintiff's attorney. The check for costs shall be made payable to Jacqueline A. Forslund because she paid the filing fees from her funds.

The parties agree that whether these checks are made payable to Plaintiff or Jacqueline A. Forslund, such checks shall be mailed to Plaintiff's attorney.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's Counsel may have relating to EAJA attorney fees in connection with this action.

Respectfully submitted,

Date: February 11, 2025

JACQUELINE A. FORSLUND
Attorney at Law

*/s/Jacqueline A. Forslund*
JACQUELINE A. FORSLUND
Attorney for Plaintiff

Date: February 11, 2025

PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE
Associate General Counsel
Office of Program Litigation, Office 7

*/s/Noah Schabaker*
NOAH SCHABAKER
Special Assistant United States Attorney
*By email authorization
Attorney for Defendant

## **ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees and Expenses (ECF No. 24), **IT IS ORDERED** that fees and expenses in the amount of EIGHT THOUSAND FOUR-HUNDRED FIVE DOLLARS and 00/100 ($8,405.00) as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. §§ 1920, 2412(d), are awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated: **February 12, 2025**            /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE